**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1960
_____

PAUL E. PIECZYNSKI,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; STEFANIE J. SALAVANTIS, Acting
District Attorney; MICHAEL T. VOUGH, Acting Judge; DAVID W. LUPAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-01502)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2021

Before:  GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: December 2, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Paul Pieczynski appeals the District Court's order dismissing his action after he failed to pay the filing and administrative fees. For the reasons detailed below, we will affirm the District Court's judgment.

Pieczynski initiated this action by filing a petition to confirm an arbitration award along with $47, which at the time was the miscellaneous fee that the Middle District of Pennsylvania charged for "filing any document that is not related to a pending case or proceeding." Middle District of Pennsylvania, District Court Miscellaneous Fees, https://www.pamd.uscourts.gov/district-court-miscellaneous-fees. The Magistrate Judge informed Pieczynski that he was required to pay the $400 fees for a standard civil action. When Pieczynski did not comply, the Magistrate Judge set a deadline of November 13, 2020, to pay the fees or file an application to proceed in forma pauperis.

Pieczynski did not pay the fees by that deadline, and on March 23, 2021, the Magistrate Judge recommended that the action be dismissed for failure to prosecute. Over Pieczynski's objection, the District Court adopted the report and recommendation and dismissed the case. Pieczynski appealed.

We have jurisdiction under 28 U.S.C. § 1291. See Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004). We review the District Court's dismissal for failure to prosecute for abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

We agree with the District Court's analysis here. Pursuant to 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit

2

or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350."[1]  We have recently characterized an application to confirm an arbitration award as a "summary proceeding."  Teamsters Local 177 v. United Parcel Services, 966 F.3d 245, 252 (3d Cir. 2020).  We are satisfied that a "summary proceeding" qualifies as a "proceeding" under § 1914(a).

Pieczynski argues that his was a "miscellaneous filing," but we can find no authority that supports his interpretation.  The few District Courts to have addressed the issue have concluded that an application to confirm an arbitration award is not a miscellaneous filing, see, e.g., Rodrick v. Kauffman, 455 F. Supp. 3d 546, 548 (M.D. Tenn. 2020), and the filing is not listed among the 15 types of miscellaneous filings identified in the Administrative Office of the United States District Court Clerks' Manual, see § 4.03(a)(1).  Accordingly, we conclude that the District Court imposed the correct fees.

Moreover, the District Court did not err in dismissing the action without prejudice after Pieczynski refused to make payment.  Cf. 3d Cir. L.A.R. 107.2 (providing that Clerk of this Court may dismiss appeal for failure to prosecute if appellant does not pay fees within 14 days of notice); In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) (stating that after plaintiff failed to replead after being directed to do so, "it is difficult to

---

[1] There is also an additional administrative fee of $52.  See District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

conceive of what other course the court could have followed" apart from dismissing the complaint (citation and quotation marks omitted)).

Accordingly, we will affirm the District Court's judgment.